IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| SIDNEY EPHRAIM, PRO SE, | § | |
| A.K.A. SIDNEY MIGUEL | § | |
|    GONZALES EPHRAIM, | § | |
| TDCJ-CID #545251, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0051 |
| | § | |
| MARY MILLER, QUINCY TAYLOR, and | § | |
| BRIANA BURKHAMMER, | § | |
| | § | |
|    Defendants | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff SIDNEY EPHRAIM, a.k.a. SIDNEY MIGUEL GONZALES EPHRAIM, while

a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions

Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining

against the above-referenced defendants and has been granted permission to proceed in forma

pauperis.

Plaintiff complains that, on or about August 26, 2005, defendant TAYLOR, acting under

orders, packed up plaintiff's property and gave him an inmate receipt correctly showing the

property taken.  Plaintiff was then moved to the High Security section of the prison and, when he

requested his property of defendant BURKHAMMER, a property officer, she informed him his

property had been lost.  Plaintiff contends defendant TAYLOR is guilty of negligence.

Plaintiff alleges defendant MILLER performed an inadequate investigation of plaintiff's

complaint about his missing property and defendant BURKHAMMER conspired with defendant

MILLER to cover up the loss of plaintiff's property and state that it was never in the custody of the prison.  Further, plaintiff alleges defendant BURKHAMMER instructed C. Adams to search plaintiff's cell on September 30, 2005, for the missing property even though BURKHAMMER knew plaintiff didn't have it.  Plaintiff contends this was simply to harass him for exercising his right to "utilize grievances/complaints."

Plaintiff requests an award of $523.00 and interest for the lost property, $460.00 for costs, $3,500.00 in punitive damages, and declaratory judgment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff's claim against the defendants for losing his property lacks an arguable basis in law and is frivolous. This is not to say that it is all right to lose a prisoner's property; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim."). Plaintiff must vindicate his negligence claim through an action in the state courts.

Plaintiff claims defendant MILLER did not conduct an adequate investigation into his claims of missing property and that defendant BURKHAMMER conspired with defendant MILLER to lie about plaintiff's purchase history and authorization to possess certain property. It is well settled that "'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), cert. denied, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff's conclusory allegation of conspiracy utterly fails to state a claim on which relief can be granted.

To the extent this is a claim that the defendants actually stole plaintiff's property, section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). A prisoner's due process rights are not violated by the confiscation of property without regard to prison policy requiring notice and

3

the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Consequently, plaintiff's claim concerning his personal property lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, if plaintiff is simply claiming that MILLER's investigation was inadequate, such a claim is frivolous. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant MILLER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff alleges defendant BURKHAMMER had plaintiff's cell searched for the missing property on September 30, 2005, even though BURKHAMMER knew plaintiff didn't have it. Plaintiff contends this was simply to harass him for exercising his right to "utilize grievances/complaints." By this allegation, it appears plaintiff is attempting to assert a claim of retaliation. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.

4

1998).  The inmate must be able to point to a specific constitutional right that has been violated.

*Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).  To state a claim, the inmate must allege

more than his personal belief that he is the victim of retaliation.  *Johnson v. Rodriguez*, 110 F.3d

299, 310 (5th Cir. 1997).  Conclusory allegations of retaliation are not sufficient; the plaintiff

must produce direct evidence of motivation or allege a chronology of events from which

retaliation may plausibly be inferred.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse

act would not have occurred.  *McDonald*, 132 F.3d at 231.  Finally, the retaliatory adverse act

must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person

of ordinary firmness from further exercising his constitutional rights.  *Morris v. Powell*, 449 F.3d

682 (5th Cir. 2006).  The one-time cell search for missing property does not appear to have been

anything more than an inconvenience for plaintiff and was clearly a *de minimis* act.  Further,

plaintiff has alleged no fact to support his claim of retaliatory intent.  Thus, plaintiff has failed to

allege facts to state a claim of retaliation and has failed to state a claim on which relief can be

granted.

**CONCLUSION**

Pursuant to Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42,

United States Code, Section 1983, by plaintiff SIDNEY EPHRAIM, a.k.a. SIDNEY MIGUEL

GONZALES EPHRAIM is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR

FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this __5th__ day of September, 2006.


/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE